**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4335**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES EARL HARPER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:17-cr-00385-FL-1)

Submitted:  September 30, 2021                  Decided:  December 7, 2021

Before MOTZ, WYNN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jennifer Haynes Rose, LAW OFFICE OF JENNIFER HAYNES ROSE, Cary, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Earl Harper appeals his convictions and 180-month mandatory minimum sentence for conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846; four counts of distribution of a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); and two counts of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i). On appeal, he argues that the district court erred in finding that he breached his plea agreement and granting the Government's motion to be relieved of its obligations under that agreement and further contends that the district court erred in imposing his sentence. We affirm.

We first address Harper's arguments regarding the plea agreement. "Plea agreements are grounded in contract law, and as with any contract, each party is entitled to receive the benefit of his bargain." *United States v. Edgell*, 914 F.3d 281, 287 (4th Cir. 2019) (internal quotation marks omitted). "[W]e nonetheless give plea agreements greater scrutiny than we would apply to a commercial contract because a defendant's fundamental and constitutional rights are implicated when he is induced to plead guilty by reason of a plea agreement." *Id.* (internal quotation marks omitted).

The party alleging a breach of the plea agreement must establish that breach by a preponderance of the evidence. *United States v. Snow*, 234 F.3d 187, 189 (4th Cir. 2000). When the breach is material, the injured party may suspend performance and cancel the agreement. *United States v. Scruggs*, 356 F.3d 539, 543 (4th Cir. 2004). "Central to the determination of the materiality of a breach is the extent to which the injured party will be

2

deprived of the benefit which he reasonably expected." *United States v. Warner*, 820 F.3d 678, 684 (4th Cir. 2016) (alterations and internal quotation marks omitted). "[T]he standard for assessing the reasonable expectations of the parties is an objective one, and so the defendant's subjective beliefs about the utility of his cooperation is simply not relevant to our inquiry." *Scruggs*, 356 F.3d at 544 (alterations and internal quotation marks omitted).

"When a claim of breach of a plea agreement has been preserved, we review the district court's factual findings for clear error and its application of principles of contract interpretation de novo." *United States v. Lewis*, 633 F.3d 262, 267 (4th Cir. 2011) (internal quotation marks omitted). "A finding that the defendant breached a plea agreement by failing to sufficiently cooperate with the [g]overnment is factual in nature, and we review it for clear error." *United States v. Chase*, 466 F.3d 310, 314 (4th Cir. 2006) (citation omitted). "Questions regarding how a plea agreement should be interpreted are legal questions, which we review de novo." *Id.*

We have thoroughly reviewed the record and discern no error by the district court. The court did not clearly err in finding that Harper breached his obligations under the plea agreement to cooperate with the Government and that this breach was material. Further, Harper's argument challenging the finding of breach based on his Fifth Amendment privilege is without merit. *See Scruggs*, 356 F.3d at 546; *United States v. Wise*, 603 F.2d 1101, 1104 (4th Cir. 1979) (noting that agreement to cooperate with government waives Fifth Amendment privilege). Accordingly, the court properly granted the Government's motion to be relieved of its obligations under the plea agreement.

3

Harper also asserts that the district court erred by failing to require the Government to move for a third-level reduction in his offense level for acceptance of responsibility and, additionally, by sentencing him to two consecutive terms of imprisonment following his guilty plea to two 18 U.S.C. § 924(c) offenses. Because Harper failed to present these claims to the district court, they are reviewed only for plain error. *United States v. Harris*, 890 F.3d 480, 490 (4th Cir. 2018). Under this standard, this court "will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 491 (internal quotation marks omitted). In the sentencing context, an error affects substantial rights if the defendant can "show that he would have received a lower sentence had the error not occurred." *United States v. Knight*, 606 F.3d 171, 178 (4th Cir. 2010).

We first turn to Harper's argument concerning acceptance of responsibility. Under U.S Sentencing Guidelines Manual § 3E1.1(a) (2018), a district court may decrease a criminal defendant's offense level by two levels if the defendant "clearly demonstrates acceptance of responsibility for his offense." A district court may further decrease a defendant's offense level by a third level "upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial." USSG § 3E1.1(b). "The timeliness of the defendant's acceptance of responsibility is a consideration under both subsections," and

"[i]n general, the conduct qualifying for a decrease in offense level under subsection (b) will occur particularly early in the case." USSG § 3E1.1 cmt. n.6.

The government "retains discretion to determine whether the defendant's assistance has relieved it of preparing for trial," because "the [g]overnment is in the best position" to make that determination. *United States v. Divens*, 650 F.3d 343, 346 (4th Cir. 2011) (emphasis omitted). The government therefore may "refuse to move for an additional one-level reduction, but only on the basis of an interest recognized by the [G]uideline itself." *Id.* at 347. The district court may compel the government to move for the additional reduction if the Government has withheld such a motion on improper grounds. *Id.* at 350.

Here, Harper pleaded guilty to several counts of conviction less than two weeks before his trial was scheduled to begin. Harper's belated plea did not render the Government's refusal to seek a reduction under USSG § 3E1.1(b) arbitrary or improper, as the timely entry of a plea is an "interest recognized by the [G]uideline." *Id.* at 347. We therefore conclude that the district court did not plainly err by declining to compel the Government to seek the additional one-level reduction in Harper's offense level. In any event, even if we were to assume that the district court plainly erred, because Harper was sentenced to a mandatory minimum term of imprisonment, the alleged error did not affect his substantial rights. *See Knight*, 606 F.3d at 178.

Finally, Harper argues that the district court erred in sentencing him to two consecutive terms of imprisonment following his guilty plea to two 18 U.S.C. § 924(c) offenses because he carried the same firearm on each occasion underlying these counts of conviction. "The text of section 924(c)(1) is . . . clear that multiple consecutive sentences

5

are appropriate in the case of multiple section 924(c)(1) offenses." *United States v. Camps*, 32 F.3d 102, 107 (4th Cir. 1994). Further, "there is no requirement that multiple and consecutive § 924(c) sentences rest on the use of different firearms." *United States v. Jordan*, 952 F.3d 160, 170 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1051 (2021). The district court was therefore required to sentence Harper to multiple consecutive terms of imprisonment as a result of his guilty plea to two § 924(c) offenses.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*